IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERMAINE LAYTON CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CONSOLIDATED |
| v. | ) | Civil Action No. 18-994-CFC |
| | ) | |
| PAOLA MUNOZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Jermaine Layton Carter, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Kelly Elizabeth Rowe, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendants Paola Munoz, Mark Richardson, and David Yunis.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Steven Wesley.

**MEMORANDUM OPINION**

February 20, 2020
Wilmington, Delaware

CONNOLLY, U.S. District Judge

## I. INTRODUCTION

Plaintiff Jermaine Layton Carter ("Plaintiff"), an inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 1) On October 22, 2018, the matter was consolidated with Civil Acton No. 18-1187-CFC. (D.I. 9) The Complaint filed in Civil Action No. 18-994-CFC at D.I. 1 and Civil Action No. 18-1187-CFC at D.I. 1, together, stand as the operative pleading. Before the Court are Defendants' motions to dismiss. (D.I. 16, 20) Because Plaintiff had taken no action in the case, he was ordered to show cause why the case should not be dismissed for his failure to prosecute. (D.I. 22) On February 11, 2020, Plaintiff filed a response, asks that the case not be dismissed, and moves to amend.[1] (D.I. 23)

## II. BACKGROUND

The operative pleading alleges that Defendant Dr. David Yunis ("Dr. Yunis") and prison mental health staff harass Plaintiff about his participation, or lack thereof, in programs at the Residential Treatment Center SHU/MHU Building 21. Plaintiff alleges that he is threatened with rape and murder. Plaintiff alleges that mental health and medical staff force him to take psychotropic medicine when he does not need to and is not disruptive, and/or a danger to himself or others. Plaintiff alleges that he was told he

---

[1] The Court does not analyze whether dismissal is appropriate for Plaintiff's failure to prosecute given that Plaintiff opposes the motions to dismiss in his response to the show cause order.

1

cannot refuse the medication and, if he does, physical force can be used by officers from the Quick Response Team to have Plaintiff injected with the medication.

Plaintiff alleges that Dr. Yunis and Defendants Mental Health Director Paola Munoz ("Munoz"), Bureau of Prison Chief Steven Wesley ("Wesley"), and Residential Treatment Center Director Mark Richardson ("Richardson") are responsible for the policy to force Plaintiff to take psychotropic medication and to participate in mental health programs. Plaintiff also alleges that Dr. Yunis and other mental health staff keep switching Plaintiff's psychotropic medication without letting him know before the medication is changed. Plaintiff thinks mental health and staff keep retaliating against him from the way he files grievances and complaints and is then labeled as a serial rapist, child molester, snitch, and gay person.

Plaintiff seeks injunctive relief to stop his forced medication and/or participation in mental health programs and to require Defendants to house him in a single cell.

## III. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

Medical Defendants Yunis, Munoz, and Richardson ("Medical Defendants"), as well as Wesley, who filed a separate motion, seek dismissal on the grounds that

Plaintiff's allegations are legally insufficient to state claims against them. Plaintiff responds that he continues to take medication that he does not need for a condition that he does not have. In addition, he asks to amend the operative to add a new party and delete certain Defendants.

As is well-established, the legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court previously reviewed Plaintiff's allegations and found that he stated what appear to be cognizable and non-frivolous § 1983 claims against Defendants. Nothing has changed since that ruling. Nonetheless, the Court has revisited the allegations, liberally construed them, as it must, and finds that the operative pleading fails to state a cognizable claim.

For example, the operative pleading does not contain the requisite personal involvement of many of the named Defendants, *see Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); the allegations do not indicate when, where, or by whom the alleged constitutional violations took place; the operative pleading groups individuals together when making allegations as opposed to alleging each Defendant's personal involvement; it is not clear if Plaintiff alleges deliberate indifference to a serious medical need, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); it is not clear if Plaintiff is actually forced to take medication or if he takes it but does not want to, *see Aruanno v. Glazman*, 316 F. App'x 194, 195 (3d Cir. 2009); the operative pleading does not

adequately plead a retaliation claim, see Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002); and it is not clear when or where the alleged unlawful policies complained of were applied to Plaintiff in violation of his constitutional rights, see Valdez v. Danberg, 576 F. App'x 97, 102 (3d Cir. 2014). Therefore, the Court will grant the motions to dismiss.

Plaintiff proceeds *pro se*, is afforded some leniency, and has requested leave to amend the operative pleading. Since it appears plausible that Plaintiff may be able to articulate a claim against Defendants, he will be given an opportunity to amend his pleading. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). Should Plaintiff opt to file an amended complaint, all allegations against Defendants shall be contained in one pleading.

## V. CONCLUSION

For the above reasons, the Court will grant Defendants' motions to dismiss (D.I. 16, 20) and will give Plaintiff leave to file an amended complaint.

An appropriate Order follows.